```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CATHY MEROLA,

                Plaintiff,
                                              ORDER
        -against-                             20-CV-0491(JS)(SIL)

DR. SHARON LOWE; DR. M. SHAROHA;
MICHAEL ESANG, MBB CH; DR. JACOB
SPERBER; A. DALEO LPN, NASSAU
HEALTH CARE CORPORATION, d/b/a/
NASSAU UNIVERSITY MEDICAL CENTER,
a/k/a NUHEALTH; COMMISSIONER OF THE
DEPARTMENT OF MENTAL HEALTH OF COUNTY
OF NASSAU; DIRECTOR OF COMMUNITY
SERVICES OF NASSAU COUNTY; NASSAU
COUNTY DEPARTMENT OF MENTAL HEALTH;
PARAMEDIC REARDON; POLICE OFFICER
RUSSELL; JOHN DOE POLICE OFFICER;
JOHN DOE LIEUTENANT POLICE OFFICER;
NASSAU COUNTY POLICE DEPARTMENT;
NASSAU COUNTY; JOHN AND JANE DOES 1-10;
BELLMORE TOWING; KEVIN FRISOLONE,
BELLMORE TOWING; AAA; RICH DOE a/k/a
REPRESENTATIVE OF AAA; and A-1 AUTO,
individually and in official capacity;

                Defendants.
----------------------------------X
```

APPEARANCES
For Plaintiff:     Cathy Merola
                   40 Monroe Street
                   Massapequa Park, New York 11762

For Defendants:    No appearances.

SEYBERT, District Judge:

By Order to Show Cause dated April 15, 2020, the Court ordered pro se plaintiff Cathy Merola ("Plaintiff") to show cause in writing within sixty (60) days from the date of the April 15th Order why her claims arising from the events alleged to have

occurred during the period January 27, 2017 through February 7, 2017 are not barred by the applicable statute of limitations. Plaintiff was cautioned that her failure to timely comply with the April 15th Order would lead to the dismissal of her Complaint with prejudice. (See D.E. 5.) The Court held Plaintiff's application to proceed in forma pauperis in abeyance pending her response to the Order to Show Cause.

To date, Plaintiff has not responded to the Court's Order to Show Cause nor has she otherwise communicated with the Court since she filed the Complaint on January 28, 2020. Upon review of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified, by her financial position, to commence this action without prepayment of the filing fee. Accordingly, Plaintiff's application to proceed in forma pauperis is GRANTED.

However, given that Plaintiff largely complains of events alleged to have occurred on January 27, 2017, (see Compl., D.E. 1), and has not provided a basis for tolling of the statute of limitations having been given an opportunity to do so, the Court now finds that Plaintiff's claims are not timely filed and are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-ii).

Under New York law, intentional torts are subject to a one-year statute of limitations and Section 1983 claims are

governed by a three-year statute of limitations. <u>See</u> N.Y. C.P.L.R. §§ 214(5), 215(3); <u>see also</u> <u>Wheeler v. Slanovec</u>, 16-CV-9065, 2019 WL 2994193, *5 (S.D.N.Y. July 9, 2019) ("[F]ederal courts in New York apply a three-year statute of limitations for personal injury actions to § 1983 claims") (citing <u>Patterson v. Cty. of Oneida</u>, 375 F.3d 206, 225 (2d Cir. 2004) (holding so for § 1983 claims)); <u>Ashjari v. NYNEX Corp.</u>, 182 F.3d 898 (2d Cir. 1999) ("Under N.Y. C.P.L.R. § 215(3), claims of assault and battery . . . must be brought within one year from the date the claim accrued."). In addition, under New York law, "intentional tort causes of action asserted against municipal defendants must be commenced within the one-year-and-90-day statute of limitations contained in General Municipal Law § 50-i." <u>Williams v. City of N.Y.</u>, 153 A.D.3d 1301, 1305 (2d Dep't 2017). Thus, Plaintiff's state law claims asserted in the Complaint for assault, battery, or any other intentional tort alleged to have occurred during the period January 27, 2017 and February 7, 2017 are well outside the one-year statute of limitations given that Plaintiff's Complaint was not filed until January 28, 2020. Insofar as Plaintiff alleges false imprisonment claims against municipal defendants, such claims accrued on February 7, 2017 when Plaintiff alleges she was released. Thus, such claims are also brought outside the one-year and 90-day statute of limitations applicable to such claims.

3

Similarly, it appears that Plaintiff's Section 1983 claims arising from conduct alleged to have occurred on January 27, 2017 are also outside the three-year statute of limitations applicable to such claims.

Although a statute of limitations generally may be extended under the doctrine of equitable tolling, Plaintiff has not sufficiently alleged a basis to equitably toll the statute of limitations. Accordingly, by Order to Show Cause dated April 15, 2020, Plaintiff was afforded an opportunity to demonstrate a basis to toll the statute of limitations by responding, in writing, within sixty (60) days. The Court's Order to Show Cause was mailed to Plaintiff at her address of record and has not been returned to the Court. To date, Plaintiff has not responded to the Order to Show Cause.

Having provided notice and an opportunity to be heard be afforded to a pro se litigant prior to dismissing an in forma pauperis complaint sua sponte as barred by the applicable statute of limitations as the Second Circuit instructs, see Abbas v. Dixon, 480 F.3d 636, 639-40 (2d Cir. 2007), the Court now finds that Plaintiff's claims are barred by the applicable statute of limitations and are thus DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(2).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith

4

and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

      The Clerk of the Court is directed to mail a copy of this Order to the pro se Plaintiff.

                            SO ORDERED.

                            /s/ JOANNA SEYBERT
                            Joanna Seybert, U.S.D.J.

Dated:    July   29  , 2020
           Central Islip, New York